98 F.3d 1360
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur SMITH, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Arthur Smith, Jr. ("Smith") seeks review of the December 21, 1995 initial decision of the Merit Systems Protection Board ("the Board") affirming a decision of the United States Postal Service ("USPS") to remove Smith from his position for misappropriation of funds entrusted to the USPS. The initial decision of the Board became the final decision of the Board on April 24, 1996. The decision of the Board is affirmed.
 
 
 2
 Smith makes several arguments on appeal. First, Smith argues that the administrative judge erred because the money found in Smith's desk was greater than that allegedly taken from the box. However, the evidence of record demonstrates that this argument is factually incorrect.
 
 
 3
 Smith next argues he was simply following USPS directions and retaining the money for 30 days. However, had Smith simply been holding the money during the 30 day time period, his desk should have contained the same amount of money as that taken from the box. It did not. Moreover, Smith is asking us to remake credibility determinations made by the Board, which we cannot do. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (stating credibility determinations are "virtually unreviewable").
 
 
 4
 Third, Smith argues that, if the Postmaster had testified and produced the log books, the testimony and evidence would have proved his innocence. However, Smith does not explain what the log books would have shown. Nor does he explain how they would have proved he was innocent. Nor does he assert he requested the Postmaster as a witness.
 
 
 5
 Smith argues his attorney requested but did not receive copies of the videotapes showing him removing the money. While it may have been error to deny Smith access to the videotapes, any such error was harmless. Smith has admitted removing the money, and he does not explain how access to the videotapes would have changed the outcome in any respect. See 5 C.F.R. § 1201.56(b)(1) (1995) (Board must overturn actions of agency if the appellant shows harmful error in the application of the agency's procedures); 5 C.F.R. § 1201.56(c)(3) (1995) (harmful error is that "likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error"). Thus, it is unclear how access to the videotapes could have helped Smith in any respect.
 
 
 6
 Smith's remaining arguments were adequately discussed by the Board. Namely, Smith argues agency representative John Behnke should not have been allowed to testify at the hearing, that he merely used the funds to make change, and that the penalty was too severe. The Board adequately and correctly addressed each of these points.